IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40403
Summary Calendar
_____

TERRY THOMAS FERGUSON; STEVIE J. RANKIN;
ROBERT MULARSKI,

Plaintiffs-Appellees,

versus

TEXARKANA, TEXAS, City Of; TEXARKANA TEXAS
POLICE DEPARTMENT; GARY ADAMS, In his official
capacity as the Chief of Police of the Texarkana Texas Police
Department; BRENT CAUDLE, In his official capacity as an
officer of the Texarkana Texas Police Department; JACKIE
RYMER, In his official capacity as an officer of the
Texarkana Texas Police Department,

Defendants-Appellants.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(5:96-CV-334)

_____

February 19, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

　　Terry Ferguson, Stevie Rankin, and Robert Mularski (collectively "the Plaintiffs") sued the

City of Texarkana ("the City"), the Texarkana Police Department, Gary Adams in his official

capacity as Chief of Police, and Brent Caudle and Jackie Rymer in their official capacities as

officers of the Texarkana Police Department. The Plaintiffs brought section 1983 claims for their

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

allegedly unconstitutional arrests and state-law claims for false arrest, defamation, and abuse of process. Officers Caudle and Rymer appeal from the district court's order denying their motion for summary judgment on the federal and pendent state claims, asserting qualified immunity as a defense. The City and Adams appeal from the district court's order denying their motion for summary judgment on the state claims, relying on sovereign immunity from suit for intentional torts. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon's 1997). The district court's dismissal of this claim is directly appealable under the collateral order doctrine. See Loya v. Texas Dep't of Corrections, 878 F.2d 860, 861 (5th Cir. 1989). The assertion of state sovereign immunity remains intact, however, only if the officers' qualified immunity defense succeeds. See City of Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex. 1993).

Qualified immunity will apply unless the Plaintiffs had a clearly established constitutional right to be free from the arrests and the officers' conduct was not objectively reasonable in light of the facts as they appeared at the time of arrest. See Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996). Because this appeal is interlocutory, we lack jurisdiction to review the sufficiency of the summary judgment evidence or, in other words, to determine whether the record sets forth a genuine factual dispute for trial. See White v. Balderama, 153 F.3d 237, 240 (5th Cir. 1998); Nerren, 86 F.3d at 471-72 & 472 n.9. Our jurisdiction allows us to determine only whether, taking the facts as the district court perceived them, the material legal questions are answered in the appellants' favor. See Nerren, 86 F.3d at 472.

The following facts are supported by reading the summary judgment record in the light favorable to the Plaintiffs: The police chief had previously attempted to close the Executive Room, but had failed in his effort to do so. The Executive Room was the subject of public outcry, and protesters and picketers kept a vigil outside its doors. After an anonymous source reported to the police department that an "intoxicated white male" had entered the cabaret, a total of seven officers in six squad cars were dispatched to the club. Officers Rymer and Caudle, who conducted the investigation and arrests, did not inspect the scene outside the cabaret, except to

2

ask the protesters a few questions and to note the sign on the door which asserted that the Executive Room was a "private adult cabaret; members only; B.Y.O.B." Upon entering the facility, the officers saw five men drinking on what may or may not have been the Texas side of the state line that crosses through the cabaret. The officers smelled the containers, identifying their contents as alcoholic. The officers' supervisor confirmed with a TABC officer that the cabaret was an unlicensed "private club" and that drinking on the Texas side constituted a violation of statute. Drinking alcohol on the Arkansas side was permitted, however, and similarly, if the cabaret was not in fact a statutorily recognized "private club," the Texas code did not forbid drinking alcohol on the Texas side. The officers arrested the Plaintiffs for violation of § 103.01 of the Tex. Alcohol & Bev. Code.

Although we are given no explanation for the denial of the summary judgment we conclude that the record has not been developed to the point that a fact finder would have to conclude either that the plaintiffs were in Arkansas where they had the legal right to drink alcohol or that the officers had reason to believe that to be the fact. If that issue is not resolved by the record, this court has no jurisdiction.

APPEAL DISMISSED.